**John Dunbar, OSB No. 84210**
jdunbar@balljanik.com
Ball Janik, LLP
101 SW Main
Suite 1100
Portland, OR 97204
(503) 228-2525 - telephone
(503) 226-3910 - facsimile

**Randall R. Kucera, TSB No. 11749300**
rkucera@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201
(214) 969-2800 – telephone
(214) 969-4343 – facsimile
*Pro Hac Vice* Application Pending

      Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| AERO AIR, L.L.C., an Oregon limited liability company, | |
|       Plaintiff, | **Case No. 07 MC 9036** |
| v. | **DEFENDANT SINO SWEARINGEN AIRCRAFT CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE *EX PARTE* ORDER AND STAY PROCEEDINGS** |
| SINO SWEARINGEN AIRCRAFT CORPORATION, a Delaware corporation, | |
|       Defendant. | **ORAL ARGUMENT AND EXPEDITED HEARING REQUESTED** |

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

# Table of Contents

Table of Contents .................................................................................................................. i

Table of Authorities ............................................................................................................. ii

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL HISTORY ............................................................................................. 2

III. FACTUAL BACKGROUND .......................................................................................... 4

IV. ARGUMENT ................................................................................................................. 8

    (a)     Texas state court has jurisdiction. ......................................................................... 8

    (b)     This Court should not stay a state court's proper exercise of jurisdiction. ............. 9

    (c)     This Court should stay its proceedings under the *Colorado River* abstention
            doctrine. .................................................................................................................. 12

V. CONCLUSION ............................................................................................................... 23

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

# Table of Authorities

## Cases

*Ambulance Billing Sys., Inc. v. Gemini Ambulance Servs., Inc.*, 103 S.W.3d 507
(Tex.App.—San Antonio 2003) ..................................................................................21

*American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253
(9th Cir. 1988) ...........................................................................................13, 17, 19

*Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085 (D. Ariz. 2005) ...............................8

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)......12, 13, 14, 21

*Garber v. Sir Speedy, Inc.*, No. 3:96-CV-1089-P, 1996 WL 734947 (N.D. Tex. Dec. 11,
1996) ...................................................................................................................14, 16

*Hamm v. Millenium Income Fund, L.L.C.*, 178 S.W.3d 256, 260 n.3 (Tex. App.—Houston [1st
Dist.] 2005) .................................................................................................................11

*Hinman v. Fujitsu Software Corp.*, No. C05-03509 MJJ, 2006 WL 358073 at *2 (N.D. Cal. Feb.
13, 2006) ...........................................................................................................14, 17, 18

*J.D. Edwards World Solutions Co. v. Estes, Inc.*, 91 S.W.3d 836, 840 (Tex. App. –Fort Worth
2002, pet. denied).........................................................................................................11

*JW (RS)*, 2004 WL 2303929 (N.D. Cal. Oct. 12, 2004) ......................................14, 17, 18, 19, 20

*Legion Ins. Co. v. Insurance General Agency, Inc.*, 822 F.2d 541 (5th Cir. 1987) ......................12

*Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ................................................................9, 10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)......................8, 12, 13

*Myer v. Americo Life, Inc.*, No. 05-0718MCWDW, 2005 WL 3007117 (W.D. Mo. Nov.
8, 2005), *aff'd on other grounds* 469 F.3d 731 (8th Cir. 2006) ......................14, 15, 16, 18

*Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989).............................................................18, 20

*NitGen Co. v. SecuGen Corp.*, No. C04-02912 ....................................................14, 16, 17, 18, 20

**DEFENDANT SINO SWEARINGEN ARICRAFT CORPORATION'S MOTION
TO VACATE *EX PARTE* ORDER AND STAY PROCEDINGS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

*Phillip Diniaco & Sons, Inc. v. Max J. Colvin & Sons Trucking, Inc.*, 865 F.2d 1269,
     1988 WL 137336 (6th Cir. 1988) .....................................................................14

*Quanto Int'l Co., Inc. v. Lloyd*, 897 S.W.2d 482, 486 (Tex.App.—Houston [1st Dist.] 1995).......8

*Solkav Solartachnik, GES.m.b.H. v. Besicorp Group, Inc.*, No. 96 CIV. 442 (DLC), 1996
     WL 282066 (S.D.N.Y. May 28, 2006) ............................................................19

*Vulcan Chem. Tech. Inc. v. Barker*, 297 F.3d 332 (4th Cir. 2002) ................. 13, 14-15, 17, 21, 22

## **Statutes**

9 U.S.C. § 12 ...........................................................................................................10

28 U.S.C. § 2283 ....................................................................................................10

Tex. Civ. P. & Rem. § 171.084 .............................................................................11

Tex. Civ. P. & Rem. § 171.096 .............................................................................11

## **Miscellaneous**

Black's Law Dictionary (8th Ed. 2004) ...................................................................8

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

## I.    INTRODUCTION

Plaintiff Aero Air, L.L.C. ("Aero") invoked this Court's jurisdiction as part of its continuing effort to escape adverse rulings in its original choice of forum, Texas state court. Aero cannot and does not argue that Texas state court lacks jurisdiction to confirm or vacate an arbitration award, as the Federal Arbitration Act ("FAA") grants concurrent jurisdiction to state and federal courts.  Nor can it offer any reason to suppose that whatever federal rights it has will go unprotected in Texas state court.  Yet, without any notice to Defendant Sino Swearingen Aircraft Corporation ("SSAC"), Aero asked this Court to step in and stay the state court proceedings that it had initiated.  Moreover, Aero's *ex parte* request for the stay was not only substantively void of merit, but the motion itself was based on an inadequate description of the true history of the prior Texas lawsuits and arbitration.

To reward Aero for its forum shopping would not only fly in the face of principles of comity, but would severely undermine the FAA's strong policy favoring speedy resolution of arbitrable disputes.  And there is no reason this Court should exercise whatever discretion it has under the FAA to stay the Texas proceedings relating to the Texas court-ordered arbitration.  In essence, Aero is now asking an Oregon court to rule that a Texas arbitration panel comprised of Texas lawyers, including a retired Texas judge, misapplied—to the point of manifest disregard of—Texas law, *and* that the Texas trial court misapplied Texas law in its ruling on the arbitrability of Aero's claims, even though a Texas appellate court declined to grant a stay

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

motion based on the same argument. Under these circumstances, it is this action—not the Texas state action—that should be stayed.

SSAC thus respectfully requests that this Court vacate its previous *ex parte* Order granting Plaintiff's Motion to Stay Confirmation of Arbitration Award and enter an Order staying further proceedings in this Court.

## II.   PROCEDURAL HISTORY

The following timeline[1] is provided for the Court's convenience in understanding the history of the proceedings to date:

| Date | Event |
|------|-------|
| March 2, 2006 | Aero files its first lawsuit against SSAC in state district court in Bexar County, Texas ("First Lawsuit"). |
| April 13, 2006 | SSAC files its Application and Motion to Compel Arbitration, Plea in Abatement, and, Subject Thereto, Original Answer in the First Lawsuit. |
| July 21, 2006 | Texas trial court conducts hearing on SSAC's motion to compel arbitration. |
| July 28, 2006 | Texas trial court enters Order compelling all claims in the First Lawsuit to arbitration and staying the case pending arbitration. |
| August 21, 2006 | Aero files its First Supplemental Original Petition, setting forth new claims that it characterizes as a "Reinstatement Dispute." |
| August 28, 2006 | Aero files a nonsuit of the "Reinstatement Dispute" claims. |
| August 29, 2006 | Aero re-files its "Reinstatement Dispute" claims in a second lawsuit in state district court in Bexar County, Texas ("Second Lawsuit"). |
| August 30, 2006 | Aero files a petition for writ of mandamus with the Texas Court of Appeals in San Antonio seeking to reverse the trial court's Order |

_____

[1] The relevant facts are set forth in the Affidavit of Randall R. Kucera.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

compelling arbitration ("Appellate Proceeding").

| | |
|---|---|
| September 6, 2006 | Aero filed a motion to stay the arbitration in the Appellate Proceeding, based in part on the "Reinstatement Dispute" claims that it contended were not arbitrable. |
| September 18, 2006 | The Texas Court of Appeals denied both the petition for writ of mandamus and the motion to stay the arbitration. |
| October 2, 2006 | The AAA panel unanimously rules that the "Reinstatement Dispute" claims are subject to arbitration. |
| October 9, 2006 | Arbitration commences. |
| December 21, 2006 | The AAA Panel issues its Final Arbitration Award in SSAC's favor on all claims in the First and Second Lawsuits. |
| January 5, 2007 | SSAC files its application to confirm the arbitration award in the First Lawsuit. The Texas trials court set the matter for hearing on February 15, 2007. |
| January 31, 2007 | SSAC filed a motion to transfer and consolidate the Second Lawsuit with the First Lawsuit. |
| February 13, 2007 | Aero files a notice of nonsuit in the First Lawsuit. |
| February 14, 2007 | After learning of the notice of nonsuit, SSAC files an application to confirm the arbitration award in the Second Lawsuit in an abundance of caution. |
| | Later that same day—almost a year after invoking the jurisdiction of the Texas state courts—Aero invoked the jurisdiction of this Court by filing its motion to vacate arbitration award and *ex parte* motion to stay the state court proceedings. This Court issued a minute order stating that the Court had granted the *ex parte* motion. |
| February 15, 2007 | The trial court in the First Lawsuit holds its previously-scheduled hearing. The trial court rejects Aero's argument that its nonsuit deprived the court of jurisdiction and stated that it would consider the merits of SSAC's application to confirm the arbitration award on March 1, 2007. The court also granted the motion to transfer and consolidate the Second Lawsuit with the First Lawsuit. |

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

## III.    FACTUAL BACKGROUND

Even a cursory review of events to date reveals Aero's forum shopping strategy.  On January 30, 2001, Aero and SSAC entered into an authorized distributor agreement, which contained an express dispute resolution provision.  *See* Affidavit of Randall R. Kucera in Support of Defendant's Motion to Vacate and to Stay ("Kucera Aff.") at ¶ 4 and Exhibit 2 thereto ("Distributor Agreement").[2]  This agreement required the parties to "attempt in good faith to resolve any claim or controversy arising out of this Agreement or the breach, termination, or validity thereof ('Dispute') by negotiation between an officer of each party."  *Id.* (Distributor Agreement at § 10(a).)  The agreement also provided that "[i]f the parties cannot resolve the Dispute through negotiation…, the parties agree and consent to resolve the Dispute solely through arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association at their offices in San Antonio, Texas (or the location next closest to San Antonio)."  *Id.* (Distributor Agreement at § 10(b).)  The agreement also provided that Texas law controlled.  *Id.* (Distributor Agreement at § 11(c).)  Despite its agreement to arbitrate disputes with SSAC, Aero filed two separate lawsuits against SSAC in state court in San Antonio, Texas.  *Id.* at ¶¶ 3, 12.

Aero filed its first lawsuit against SSAC on March 6, 2006 (the "First Lawsuit").  *Id.* at ¶ 3. On SSAC's motion, filed on April 13, 2006, the court compelled all claims in the First Lawsuit to arbitration in accordance with the parties' agreement, and stayed the First Lawsuit

---

[2] The Distributor Agreement is Exhibit 1 to SSAC's Motion to Compel Arbitration, Plea in Abatement, and, Subject Thereto, Original Answer, which is attached as Exhibit 2 to the Affidavit of Randall R. Kucera.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

pending arbitration ("Arbitration Order"). *Id.* at ¶ 6. Conspicuously absent from Aero's *ex parte* motion filed in this Court is any mention of the fact that the Texas state trial court has already ruled upon the scope of the arbitration clause and compelled Aero's claims in the First Lawsuit to arbitration.

Also conspicuously absent from Aero's *ex parte* motion and papers filed in this Court is any reference to the fact that, in connection with the adverse ruling on arbitrability, Aero also filed a petition for a writ of mandamus seeking to vacate the Arbitration Order and an emergency motion to stay arbitration with the Court of Appeals sitting in San Antonio. *Id.* at ¶¶ 9-10. The Court of Appeals promptly denied both the petition and motion. *Id.* at ¶ 11. *Aero's failure to apprise this Court of those facts and the advanced stage of the Texas proceedings before seeking ex parte relief to stay the Texas proceedings is inexplicable.*

Moreover, prior to filing its appeal, Aero filed additional claims in a supplemental petition in the First Lawsuit, but subsequently filed a notice of nonsuit of these new claims. *Id.* at ¶ 7. The day after filing this notice of nonsuit, Aero filed a second lawsuit in Texas state court in San Antonio, re-alleging the new claims (the "Second Lawsuit"). *Id.* at ¶ 12. In the First Lawsuit, Aero then sought in the Court of Appeals in Texas to overturn the Arbitration Order. *Id.* at ¶ 10. Aero filed an emergency motion to stay the arbitration before the Court of Appeals. As it now argues in this Court, Aero's motion to stay the arbitration argued that the arbitrators

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

lacked jurisdiction to hear the claims in the Second Lawsuit. The Court of Appeals denied the stay.[3]

Arbitration commenced in Texas on October 9, 2006, in accordance with the Commercial Arbitration Rules of the American Arbitration Association. *Id.* at ¶ 20. The AAA panel consisted of three arbitrators: each side's party-appointed arbitrator and a third neutral arbitrator appointed by the other two arbitrators. *Id.* at ¶ 17. All three arbitrators were from Texas.[4] *Id.* The AAA panel unanimously determined that it had jurisdiction over Aero's claims in both the First and Second Lawsuit, based on the broad language of the parties' agreement and the prior rulings of the Texas trial court and court of appeals confirming arbitrability. *Id.* at ¶ 19 and Exhibit 17 thereto. On December 21, 2006, the AAA panel—again, unanimously—issued its Award of Arbitrators in favor of SSAC on all claims. *Id.* at ¶ 20 and Exhibit 18 thereto. On January 5, 2007, SSAC filed its application to confirm the arbitration award in the First Lawsuit, as it was required to do. *Id.* at ¶ 8. The Texas court set the matter for hearing on February 15. *Id.*

In response, Aero began its maneuvers to delay confirmation and needlessly complicate the procedural posture of the case. First, on February 13—two days before the hearing in

_____

[3] *See* Kucera Aff. at ¶ 10 and Exhibit 10 thereto. (Aero's Emergency Mot. to Stay Arb. at 8) ("Relator . . . respectfully requests that the Court stay the pending arbitration proceeding . . . pending the District Court's decision on Aero's newly filed suit seeking [reinstatement]."). That emergency motion was promptly denied (along with the mandamus) on September 18, 2006. *Id.* at ¶ 11.

[4] In fact, Aero's party-appointed arbitrator was former San Antonio state court judge Pat Boone. *See* Kucera Aff. at ¶ 17.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

Texas—Aero filed a notice of nonsuit in the First Lawsuit, apparently (although wrongly) believing that this would effectively deprive the court of jurisdiction to consider SSAC's motion to confirm.[5] *Id.* at ¶ 15. Second, on February 14—almost a year after it initiated the Texas litigation and the day before the hearing in Texas—Aero filed not only a motion to vacate the award in this Court, but an *ex parte* motion to stay the state court proceedings that it initiated. Contrary to its representation to this Court in the "Local Rule 7.1(a) Certification," Aero's counsel did not confer with SSAC's counsel prior to filing the *ex parte* motion, nor give SSAC any notice or opportunity to be heard on the motion.[6] *Id.* at ¶ 2. Having heard only a part of the story, the Court issued a minute order stating that it had granted Aero's motion to stay on the day it was filed.

SSAC now respectfully requests that the Court decline to reward Aero for its procedural gamesmanship by (1) vacating its Order granting Plaintiff's *Ex Parte* Motion to Stay Confirmation of Arbitration Award, and (2) issuing an Order staying further proceedings in this Court pending resolution of the state court actions.

---

[5] Out of an abundance of caution, on February 14, SSAC filed an Application to Confirm Arbitration in the Second Lawsuit after it learned about Aero's procedural shenanigans to deprive Texas courts of jurisdiction through its notice of nonsuit in the First Lawsuit. *Id.* at ¶ 15. SSAC's Application to Confirm Arbitration Award in the Second Lawsuit, which has since been consolidated with the First Lawsuit, pre-dated Aero's filing its motion to vacate in this Court by more than two hours. *Id.*

[6] The failure to comply with the required conference is especially egregious here since Aero's *ex parte* motion and pleadings submitted with it failed to disclose material facts to the Court about the history of the Texas lawsuits and the Texas arbitration. If counsel for SSAC had been consulted about the *ex parte* motion and relief requested, he would have had the opportunity to demand to be present or notified before *ex parte* relief was granted so he could advise this Court of the material omissions from Aero's papers. *Id.* at ¶ 2.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

## IV.    ARGUMENT

(a)    **Texas state court has jurisdiction.**

Under the FAA, state and federal courts have concurrent jurisdiction to confirm and vacate arbitration awards. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983). Moreover, "once a court obtains jurisdiction in an action and enters an order compelling arbitration, that court retains jurisdiction with respect to subsequent motions to confirm or vacate." *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1091 (D. Ariz. 2005). The Texas state court therefore has jurisdiction as the court that compelled the arbitration.

Aero's insinuation in its *ex parte* motion that Texas state court lost its jurisdiction to confirm the arbitration award when Aero filed a notice of nonsuit is wrong. *See* Pl.'s *Ex Parte* Mot. to Stay Confirmation of Arbitration Award at 2. Under Texas law, Aero's attempt to nonsuit had no effect on SSAC's motion to confirm the arbitration award because "a nonsuit cannot affect a defendant's request for affirmative relief that was pending before the nonsuit was filed." *Quanto Int'l Co., Inc. v. Lloyd*, 897 S.W.2d 482, 486 (Tex.App.—Houston [1st Dist.] 1995) (holding that nonsuit could not prejudice defendant's request to compel arbitration).[7] Because SSAC filed an application to confirm the arbitration award in the Texas state court prior to Aero's attempt to nonsuit, the Texas court maintained jurisdiction.

---

[7] SSAC's motion was not a "legal nullity," as Aero contends. The Arbitration Order stayed proceedings in the First Lawsuit "*pending* arbitration." (emphasis added). Kucera Aff. at ¶ 6 and Exhibit 5 thereto. "Pending" means "throughout the continuance of," "during," "while awaiting," and "until." *Black's Law Dictionary* (8th ed. 2004). The stay thus ended with the conclusion of the arbitration, which, self-evidently, occurred before SSAC filed its motion to confirm the arbitration award.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

In fact, the Texas trial court in the First Lawsuit did conduct its scheduled hearing on February 15, 2007 and expressly rejected Aero's contention that the Texas court had lost jurisdiction over the First Lawsuit and SSAC's prior-filed Application to Confirm Arbitration Award. *See* Kucera Aff. at ¶ 8. The Texas court ruled that it would proceed to consider and hear argument on the merits of SSAC's Application to Confirm Arbitration Award on March 1, 2007.[8] *Id.* Accordingly, the issue before this Court, then, is *not* whether this Court should enter a stay of what Aero portrayed as an abated and dismissed proceeding in Texas, but whether this Court should interfere with the continuing jurisdiction of the Texas court. It should not.

(b)     **This Court should not stay a state court's proper exercise of jurisdiction.**

In its motion to stay the state court proceedings, Aero cited no cases in which a federal court's jurisdiction was held to be *dominant* over a state court's jurisdiction under the FAA. And given that the FAA does not even create an independent basis for federal court jurisdiction, it necessarily embodies a federal policy choice that state courts are equally capable of reviewing arbitration awards. There is thus no issue of federalism that could warrant a stay of the state court proceedings. To the contrary, federal policy favors permitting state court actions to proceed. *Cf. Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (noting that "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed.").

---

[8] The Texas Court also ruled at that time that it was transferring and consolidating the Second Lawsuit with the First Lawsuit. *See* Kucera Aff. at ¶ 14.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

This policy has been codified in the Anti-Injunction Act, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Aero implies that the FAA contains an express authorization for stay, relying on the following provision:

> For the purposes of the motion [to vacate, modify, or correct an arbitration award] any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

9 U.S.C. § 12. This Court must construe the exceptions to the Anti-Injunction Act narrowly, *Lou*, 834 F.2d at 739, and it is far from clear that this provision authorizes a federal court to enjoin an earlier-filed state court action. Rather, the clear purpose of this provision is to ensure that the court that first addresses the issue of arbitrability of the parties' dispute will be the same court to later address arguments on the merits of an application to confirm the arbitration award. Thus, it allows for a court to enter a stay of an application to confirm an award if it was also the court previously authorized to stay the proceedings. In this context, the only proper court to issue a stay of another court's proceedings would be the Texas trial court in the First Lawsuit, which already ruled on arbitrability and compelled Aero's claims to arbitration. If Section 12 applies at all to permit one court to stay proceedings in another, it is the Texas court in the first-

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

filed action, which first assumed jurisdiction over issues of arbitrability and an earlier-filed application to confirm the arbitration award, that has such authority.[9]

Regardless, federal courts have, at most, discretionary authorization to stay state court proceedings to confirm an arbitration award, and Aero does not cite any case in which a federal court exercised any such discretion.[10] This lack of authority is especially telling here, where the state court proceeding was in an advanced stage and the trial court's earlier ruling on arbitrability had previously been upheld by a Texas appellate court. Nor does Aero offer any reason why this Court should exercise any discretion it may have to stay the Texas state court proceedings in this case. Indeed, the circumstances of this case strongly indicate that the Court should decline to do so, given that:

- Aero voluntarily chose the Texas state court forum;

- Once Aero initiated proceedings in Texas state court, SSAC was required to compel arbitration and to seek confirmation of the award in that forum[11];

---

[9] Texas law grants Texas courts the authority to stay later-filed proceedings in other courts. *See* Tex. Civ. P. & Rem. § 171.084.

[10] SSAC's research likewise did not locate any case in which a federal court stayed an earlier-filed state court proceeding relating to an arbitration award. To the contrary, as will be discussed in section C, *infra*, many federal courts have stayed their own proceedings under similar circumstances.

[11] *See* Tex. Civ. P. & Rem. § 171.096 (requiring that, if a proceeding is pending in a court relating to an arbitration, any application relating to that arbitration must be filed in that court); *see also J.D. Edwards World Solutions Co. v. Estes, Inc.*, 91 S.W.3d 836, 840 (Tex. App. –Fort Worth 2002, pet. denied) (finding that Texas procedural rules apply instead of federal rules when Texas courts confront procedural issues involving a case subject to the FAA); *Hamm v. Millenium Income Fund, L.L.C.*, 178 S.W.3d 256, 260 n.3 (Tex.App.—Houston [1st Dist.] 2005) (noting that Texas procedural rules apply even when the FAA applies substantively).

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

- The proceedings in Texas state court are at an advanced stage;

- Texas state law governs the parties' dispute[12];

- The arbitration was conducted in Texas, before Texas arbitrators (including a retired Texas judge) who were familiar with Texas law;

- There are no federal law issues in this case, other than the FAA, which state courts routinely address; and

- After losing in the Texas arbitration proceedings, Aero jumped to Oregon and filed its motions in this Court as part of a strategy of avoidance and delay, which runs counter to the FAA's policy of quick resolution of disputes.[13]

In light of these facts, and the federal policy against interfering with a state court's jurisdiction, this Court should vacate its Order granting Plaintiff's *Ex Parte* Motion to Stay Confirmation of Arbitration Award.

(c)     **This Court should stay its proceedings under the *Colorado River* abstention doctrine.**

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976), the Supreme Court held that a federal court has the discretion to defer to parallel state proceedings when circumstances counsel against concurrent federal proceedings. *Colorado River* and its progeny have recognized the following factors as relevant to a court's abstention analysis:

- whether a court has obtained jurisdiction over a *res*;

---

[12] *See* Kucera Aff. at ¶ 4 and Exhibit 2 thereto (Distributor Agreement at § 11(c).).

[13] "Arbitration proceedings are summary in nature to effectuate the national policy favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues.'" *Legion Ins. Co. v. Insurance General Agency, Inc.*, 822 F.2d 541, 543 (5th Cir. 1987) (*quoting Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25).

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

- the inconvenience of the federal forum;

- the need to avoid piecemeal litigation;

- the order in which jurisdiction was obtained;

- whether state or federal law controls;

- whether the state court proceeding is adequate to protect the rights of the parties; and

- whether the federal action was the result of forum shopping.

*See Colorado River*, 424 U.S. at 818; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 23-26; *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988). A court's abstention analysis, however, "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in any given case, with the balance heavily weighted in favor of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

An abstention analysis in the context of arbitration requires additional considerations relating to the strong public policy of "rapid and unobstructed enforcement of arbitration agreements." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 23. In other words, "when two competing parallel actions seek to apply the same law in deciding whether to enforce or vacate the same arbitration award, maintaining a harmonious relationship between the states and the federal government requires consideration of more complex principles than mere principles of duality." *Vulcan Chem. Tech. Inc. v. Barker*, 297 F.3d 332, 340 (4th Cir. 2002). A court should not permit a federal action to go forward if it "would contravene the purpose and the spirit" of

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

the FAA, which is "to facilitate the quick and expeditious arbitration of disputes." *Garber v. Sir Speedy, Inc.*, No. 3:96-CV-1089-P, 1996 WL 734947 (N.D. Tex. Dec. 11, 1996).

As a result, many federal courts have exercised their discretion to stay (or even dismiss) proceedings to vacate an arbitration award if a parallel proceeding is pending in state court. *See id.; Vulcan*, 297 F.3d at 340; *Phillip Diniaco & Sons, Inc. v. Max J. Colvin & Sons Trucking, Inc.*, 865 F.2d 1269, 1988 WL 137336 (6th Cir. 1988); *Hinman v. Fujitsu Software Corp.*, No. C05-03509 MJJ, 2006 WL 358073 at *2 (N.D. Cal. Feb. 13, 2006); *Myer v. Americo Life, Inc.*, No. 05-0718MCWDW, 2005 WL 3007117 (W.D. Mo. Nov. 8, 2005), *aff'd on other grounds* 469 F.3d 731 (8th Cir. 2006); *NitGen Co. v. SecuGen Corp.*, No. C04-02912 JW (RS), 2004 WL 2303929 at *5 (N.D. Cal. Oct. 12, 2004). Like in those cases, here the relevant factors heavily favor abstention under the *Colorado River* doctrine and the FAA's "policy is best served by the federal court deferring to the state courts and declining to provide a second forum in which the dissatisfied litigant can attempt to avoid the arbitral award." *Phillip Diniaco & Sons, Inc.*, 1988 WL 137336 at 3.

    (1)    ***Texas state courts have exercised jurisdiction over a res, favoring abstention.***

The first factor asks whether a state court has exercised jurisdiction over a *res*. Although *res* usually contemplates property, "[a]n arbitration award and a court's exercise of jurisdiction over the decision of an arbitrator is sufficiently singular in nature to satisfy the *res* analysis." *Hinman*, 2006 WL 358073 at *2; *accord NitGen*, 2004 WL 2303929 at *5. The Texas state courts' prior exercise of jurisdiction over the issue of arbitrability and the proceedings for confirmation of the arbitration award strongly weighs in favor of abstention. *Id.; Vulcan*, 297

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

F.3d 332, 341 (4th Cir. 2002) (holding that this factor favored abstention because the state court's jurisdiction "created the potentiality for conflicting decisions regarding the arbitration award.").

    (2)    ***Oregon District Court is inconvenient for the review of a Texas arbitration, favoring abstention.***

The second factor weighs the convenience of the competing forums. Aero originally selected Texas state court in San Antonio in which to file its claims. The parties' agreement selected Texas as the site of any necessary arbitration, and that is where the arbitration occurred.[14] *See* Kucera Aff. at ¶ 4 and Exhibit 2 thereto (Distributor Agreement at § 10(b)). Moreover, counsel for both parties in the underlying lawsuits and arbitration are in Texas. Under these circumstances, there is no reason why it would be convenient to move the case from Texas to Oregon, and this factor weighs heavily in favor of abstention. *See Vulcan*, 297 F.3d at 341-42 (holding that the fact that arbitration occurred in California weighed in favor of abstention of district court for the Western District of Virginia); *see also Myer*, 2005 WL 3007117 at *2 (finding that this factor weighed in favor of abstention because state court was closer in proximity to the arbitration site).

    (3)    ***This action was designed to result in piecemeal litigation, strongly weighing in favor of abstention.***

---

[14] The parties' agreement provided that arbitration was to take place in the offices of the AAA in San Antonio or the next nearest location. *See* Kucera Aff. at ¶ 4 and Exhibit 2 thereto (Distributor Agreement at § 10(b).). Because there were no AAA offices in San Antonio, the Panel scheduled and conducted the final trial at the offices of arbitrator Alan Harris in Dallas, Texas (which is where counsel for both Aero and SSAC were located).

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

The third factor asks whether maintaining federal jurisdiction would result in piecemeal litigation. In light of the fact that the "FAA's strong policy in favor of speedy resolution of arbitrable disputes clearly evinces an underlying emphasis on avoiding duplication of efforts and incongruous outcomes," courts are especially concerned with the danger of piecemeal litigation in the arbitration context. *Garber*, 1996 WL 734947 at *6. This is because "[c]oncurrent actions involving motions to vacate and to confirm an arbitrator's ruling are in fact little more than mirror images of one another." *Id.*

For example, in *Myer v. Americo Life, Inc.*, the court described the third factor as the most important and held that it weighed in favor of federal court abstention in light of a previously filed Texas state court proceeding to confirm an arbitration award. *Myer*, 2005 WL 3007177 at *2. The court reasoned that "[a]llowing two courts to adjudicate the identical dispute is a textbook example of the inefficient use of judicial resources and it exposes the parties to potentially conflicting determinations." *Id.*

Likewise, in *NitGen v. SecuGen*, the court held that abstention was proper in the context of parallel federal and state actions concerning an arbitration award:

> SecuGen has filed a parallel petition for confirmation and vacation of the arbitration award in state court. SecuGen's petition mirrors NitGen's petition in every respect insofar as SecuGen seeks to confirm all of their favorable awards and vacate or modify any detrimental awards. If this Court hears NitGen's petition, there will be two different courts deciding the same issues independently. This could result in the parties having to look to two forums for the resolution of

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

dispute.  *See Vulcan*, 297 F.3d at 343.  Moreover, this Court wishes to avoid racing the state court to a preclusive judgement over the confirmation of the arbitration award, an award that arose out of the *state court* compelled arbitration.

In light of how similar the state court and federal court petitions are, this Court feels that maintaining its jurisdiction over NitGen's petition would result in piecemeal litigation with a real possibility of inconsistent judgments. Accordingly, this factor weighs heavily in favor of abstention.

*NitGen*, 2004 WL 2303929 at *5 (emphasis in original); *accord Hinman*, 2006 WL 358073 at *3 (holding that risk of piecemeal litigation weighed heavily in favor of abstention because both state and federal actions "ultimately concern the issue of whether the Arbitration Award should be confirmed or vacated").

There is no doubt that Aero's motion to vacate filed in this Court was designed to result in piecemeal litigation:  Texas state court is already addressing the mirror image of the motion in the context of SSAC's motion to confirm.  As a result, this factor weighs heavily in favor of abstention.

(4)     ***Texas state court acquired jurisdiction first and has made substantial progress, strongly weighing in favor of abstention.***

The fourth factor concerns the order of jurisdiction.  This factor focuses not only on the order of filing, but on the progress made in each court.  *See American Int'l Underwriters*, 843 F.2d at 1258.  Both support abstention in this case.  Texas state court acquired jurisdiction first, and substantial progress has been made there: it compelled arbitration (taking into consideration, but rejecting, Aero's objections), and it is now ready to consider the merits of SSAC's motion to

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

confirm the arbitration award. Moreover, the Texas trial court's ruling on arbitrability has since been confirmed by the Texas Court of Appeals' rejection of Aero's interlocutory mandamus application. *See* Kucera Aff. at ¶¶ 9-11. In contrast, no progress has occurred in this Court, other than a brief hearing on an *ex parte* motion. Because "the state court is more familiar with the proceedings and circumstances…, the state court is in a better situation to make a just ruling on a petition to confirm the arbitration award and it would be exceptionally inefficient for this Court to proceed." *NitGen Co.*, 2004 WL 2303929 at *5.

(5)     ***Texas state law applies to the parties' dispute, favoring abstention.***

The fifth factor asks whether state or federal law applies to the action. "If the state and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Several courts have held that because state courts routinely review arbitration awards under the FAA, "the applicability of federal law does not militate strongly for federal jurisdiction…". *Myer,* 2005 WL 3007117 at *2, n.2; *accord Vulcan*, 297 F.3d at 343; *NitGen Co.*, 2004 WL 2303929 at *6, n.4. Instead, the proper focus is the law relevant to the arbitrator's decisions. *Hinman*, 2006 WL 358073 at *3. In this case, Texas state law controlled, pursuant to the parties' agreement. Moreover, much of Aero's arguments to vacate the arbitration award is based on claims that the AAA panel "manifestly disregarded" Texas law on issues of arbitrability and the substantive merits of the dispute.[15] In essence, Aero now asks an Oregon court to rule that a Texas arbitration panel comprised of Texas lawyers, including a retired Texas judge, misapplied Texas law, and that the Texas trial

---

[15] *See* Plaintiff's Motion to Vacate Arbitration Award at 12-16.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

court's prior ruling on arbitrability (which a Texas appellate court, applying Texas law, upheld) actually misapplied Texas law. Accordingly, this factor weighs heavily in favor of abstention.

(6) ***Texas state court is more than adequate to protect Plaintiff, as evidenced by its own decision to file two lawsuits there, weighing heavily in favor of abstention.***

The sixth factor asks whether the state court can protect the litigants' rights. Here, there has been no suggestion that Texas state court cannot protect Aero's rights. Indeed, Aero *twice* chose to file lawsuits against SSAC in Texas state court (and even sought related appellate relief in Texas), evidencing its own judgment of its adequacy. *See Solkav Solartachnik, GES.m.b.H. v. Besicorp Group, Inc.*, No. 96 CIV. 442 (DLC), 1996 WL 282066 at *2 (S.D.N.Y. May 28, 2006) (holding that this factor strongly favored abstention in action to vacate arbitration award because the plaintiff brought original suit in state, rather than federal, court). Aero can present its arguments for vacating the arbitration award in Texas state court, and will have the opportunity to appeal any adverse ruling. This factor weighs in favor of abstention.

(7) ***This action is part of Plaintiff's forum shopping strategy, weighing heavily in favor of abstention.***

The final factor in the abstention analysis asks whether the federal action "is an attempt to forum shop or avoid adverse rulings by the state court." *Nakash*, 882 F.2d at 1417; *accord American Int'l Underwriters*, 843 F.2d at 1259 (holding that although forum shopping inquiry "was not spelled out in *Colorado River*, it is appropriate to consider given the flexible and pragmatic way in which abstention is to be applied."). This factor weighs strongly in favor of abstention when a plaintiff seeks a federal forum after becoming dissatisfied with state court

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

because the Ninth Circuit has "no interest in encouraging this practice." *Nakash*, 882 F.2d at 1417.

For example, in *NitGen*, the court held that the plaintiff's attempt to forum shop and avoid adverse state court rulings weighed in favor of abstention. 2004 WL 2303929 at *6. The court noted that "where a party changes court systems the issue of forum shopping is raised," and the plaintiff's multiple state court lawsuits indicated that it wanted to "try its hand in federal court" only after becoming dissatisfied with state court rulings:

> NitGen's petition follows state court rulings that were adverse to its positions on the issues of arbitrability and whether the AAA arbitration should be enjoined. It appears that NitGen has lost at every turn before the state court and now wishes to have this Court examine the validity of the arbitration. This factor weighs in favor of abstention.

*Id.*

As in *NitGen*, Aero seeks a federal forum only after losing at every turn in its original choice of forum. Aero sought to avoid arbitration of its claims in the First Lawsuit, but its arguments were rejected by both the district and appellate courts in Texas. The AAA panel likewise rejected Aero's arguments that its claims in the Second Lawsuit, concerning the "reinstatement" of three contracts (the Distributor Agreement, Service Center Agreement, and Aircraft Purchase Agreement) fell outside the broad scope of the parties' agreement to arbitrate. *See* Kucera Aff. at ¶ 19 and Exhibit 17 thereto. Significantly, Aero moved the Texas Court of Appeals to stay the arbitration in part because the issues regarding the "Reinstatement Dispute"

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

(*i.e.,* the Second Lawsuit) were not arbitrable.[16]  *See* Kucera Aff. at ¶ 10.  The appellate court rejected such argument and denied the motion to stay arbitration.  *Id.* at ¶ 11.  Thus, Aero has filed this Oregon action after the Texas trial court, the Texas appellate court, and the AAA Panel all rejected its claim that the disputes are not arbitrable.  Aero's motivation to change forums through the filing of this action is thus readily apparent.  Aero's forum shopping strategy weighs heavily in favor of abstention.

(8)  ***The exceptional circumstances of this action warrant abstention.***

All seven factors identified by *Colorado River* and its progeny weigh in favor of abstention.  But "it is important to note that a factor-by-factor analysis does not fully convey the synergistic effect of all the circumstances."  *Vulcan*, 297 F.3d at 343.  This action is nothing more than a losing party's attempt at a second opinion from a different court, despite having chosen to litigate in Texas state court and agreeing to Texas court supervision of the arbitration.  *Id.*  The Fourth Circuit rejected a similar strategy in *Vulcan*:

> When Vulcan lost the arbitration and was ordered to pay a large award, it
>
> undertook a strategy to obtain a second opinion on the same issue from the district

---

[16] Aero's position that a dispute over reinstatement of the three contracts is not subject to the parties' arbitration agreement has also been expressly rejected by the San Antonio Court of Appeals in *Ambulance Billing Sys., Inc. v. Gemini Ambulance Servs., Inc.*, 103 S.W.3d 507, 514-15 (Tex.App.—San Antonio 2003).  In that case, the appellate court held that a dispute about the settlement of a prior controversy concerning a billing agreement was subject to arbitration even though there was no arbitration clause in the settlement agreement because there was an arbitration clause in the underlying billing agreement.  In reaching its holding, the San Antonio Court of Appeals interpreted an arbitration clause with the exact wording of the arbitration clause in the agreement between Aero and SSAC: the parties agreed to arbitrate "any claim or controversy arising out of" the agreement.  Noting that a dispute over the settlement of a billing agreement arises out of the billing agreement, the court concluded that the dispute was arbitrable.

Page 21 -**DEFENDANT SINO SWEARINGEN ARICRAFT CORPORATION'S MOTION TO VACATE *EX PARTE* ORDER AND STAY PROCEDINGS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

court.  This strategy effectively sought to bypass the procedure that Vulcan had

elected to follow, as well as to preempt or, if necessary, to reverse the state court

that it had earlier employed in the matter.

*Id.*  As the court pointed out, to allow such a strategy would not show appropriate respect to the

state court:

To validate this strategy would undermine several traditionally valued

tenets of wise judicial administration.  The judicial system promises one trial, and,

by enforcing doctrines of res judicata, collateral estoppel, and full faith and credit,

seeks to prohibit relitigating the same issues when the first trial was fair.

Moreover, in our dual system of government, again through full faith and credit,

the *Rooker-Feldman* doctrine, the *Erie* doctrine, abstention, and other similar

doctrines, respect is given by both state and federal governments to the courts of

the other.  At bottom, the federal-state system of courts seeks, in a cooperative

effort, to give one fair trial on a given dispute, to respect each other, and thus to

administer justice efficiently.

*Id.*

This Court should likewise refuse to validate Aero's strategy of avoidance and delay,

especially given the FAA's strong policy of speedy resolutions.  After invoking the jurisdiction

of Texas state court, Aero has now elicited this Court's help in undermining its authority in

violation of the principles of comity underlying the dual system of courts.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

In sum, Texas state court is the proper forum to resolve all issues concerning an award that arose out of the Texas state court compelled arbitration. This Court should enter an order staying this action.

## V.     CONCLUSION

This Court should not interfere with the Texas state court's concurrent jurisdiction to consider and make any appropriate order relating to the arbitration award at issue. Accordingly, this Court should immediately vacate its Order Granting Plaintiff's *Ex Parte* Motion to Stay Confirmation of Arbitration Award. Moreover, in light of principles of comity and the policy of

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

the FAA, this Court should enter an Order staying further proceedings in this Court pending resolution of the state court action.

DATED:  February 22, 2007.                    Respectfully submitted,


By: /s/ John Dunbar_____
        John Dunbar, OSB No. 84210
        jdunbar@balljanik.com
        BALL JANIK, LLP
        101 SW Main, Suite 1100
        Portland, OR 97204
        (503) 228-2525 - telephone
        (503) 226-3910 - facsimile

        Randall R. Kucera, TSB No. 11749300
        rkucera@akingump.com
        AKIN GUMP STRAUSS HAUER & FELD
        LLP
        1700 Pacific Avenue
        Suite 4100
        Dallas, TX 75201
        (214) 969-2800 – telephone
        (214) 969-4343 – facsimile
        *Pro Hac Vice* Application Pending

        Attorneys for Defendant
        Sino Swearingen Aircraft Corporation

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\558393\1

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded as indicated below to the following counsel of record on this 22nd day of February, 2007 in accordance with Federal Rules of Civil Procedure:

Nancie K. Potter                                                          **HAND-DELIVERED**
Foster Pepper, LLP
601 SW 2nd Avenue, Suite 1800
Portland, Oregon 97204-3171
Phone:  (503) 221-0607
Facsimile:  (503) 221-1510

Kenneth B. Chaiken                                                       **VIA UPS**
Chaiken & Chaiken, P.C.
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
Phone:  (214) 265-0250
Facsimile:  (214) 265-1537


/s/ John Dunbar
John Dunbar

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525